UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00410-JDL |
| | ) | |
| SRA AUGUSTA SPE, LLC, et al., | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION**

In this removed action, Plaintiff U.S. Bank, N.A., asserts that Defendants, five special purpose entities,[1] breached a promissory note currently held by Plaintiff by failing to pay the balance of the note on or before its December 11, 2015, maturity date. The note is secured by a commercial mortgage trust and security instrument property located at Key Plaza, 286 Water Street, Augusta, Maine. The matter is before the Court on Defendants' request for reconsideration (ECF No. 1-8) of the Maine Superior Court's order (ECF No. 1-6) appointing a receiver to manage the property.

Following a review of the motion and related filings, and after consideration of the parties' arguments, the motion is granted in part. The order of appointment will continue in effect. The

---

[1] The Defendants are SRA Augusta SPE, Paris Augusta SPE, ZAK Augusta SPE, SPC Augusta SPE, and Pendleton Augusta SPE. Each of the entities is a Delaware limited liability company with a principal place of business in Hackensack, New Jersey. As alleged in the complaint, Plaintiff is a national banking association with a principal place of business in Minneapolis, Minnesota. Defendants' notice of removal states that SRA Augusta SPE has a member that is a Maine LLC, but that none of the defendants is domiciled in Maine. (Notice of Removal ¶¶ 19, 24.) While the existence of a Maine LLC member raises a potential concern over the propriety of removal pursuant to 28 U.S.C. § 1441(b)(2), "removal in contravention of the prohibition against removal by an in-forum defendant creates a procedural defect that is subject to waiver under 28 U.S.C. § 1447(c)." *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 28 (1st Cir. 2012). The existence of subject matter jurisdiction, based on complete diversity, is otherwise established by Defendants' unchallenged assertion that no member is domiciled in Minnesota.

Court, however, will convene a telephonic conference to discuss whether the terms of the order should be modified.[2]

## Procedural Background

Plaintiff filed suit in Maine Superior Court, Kennebec County, on July 13, 2016. (State Court Docket[3], ECF No. 10-1; *see also* Verified Complaint, ECF No. 1-3.) With its complaint, Plaintiff filed a motion for appointment of receiver, a draft order appointing a receiver, and a request for expedited consideration of the motion. (Expedited Motion to Appoint Receiver, ECF No. 1-4.) The state docket reflects service on Defendants on July 21, 2016. On July 29, 2016, the Superior Court granted the motion and signed the draft order. (Order Appointing Receiver, ECF No. 1-6.)

On August 8, 2016, Defendants filed their answer to the complaint (ECF No. 1-7), and a combined opposition to the motion for appointment of receiver and motion for reconsideration of the order appointing receiver (ECF No. 1-8). On August 11, 2016, Defendants filed their notice of removal (ECF No. 1), in which notice they invoked this Court's diversity jurisdiction.

## Background Facts

This action arises from, inter alia, Plaintiff's efforts to collect the balance on a promissory note in the principal sum of 7.2 million dollars, which note Plaintiff currently holds through a

---

[2] A motion to appoint a receiver is a non-dispositive procedural matter over which a magistrate judge may enter an order under 28 U.S.C. § 636 and Fed. R. Civ. P. 72. *See*, *e.g.*, *Cadena v. A-E Contracting, LLC*, No. 3:08-cv-00574, 2013 WL 6178515, at *2 (D. Conn. Nov. 22, 2013); *JPMorgan Chase Bank, N.A. v. Heritage Nursing Care, Inc.*, No. 1:06-cv-04803, 2007 WL 2608827, at *1 (N.D. Ill. Sept. 6, 2007).

[3] Defendants filed the state court docket on August 18, 2016, and the docket sheet includes entries through August 9, 2016. (ECF No. 10-1.) Defendants filed a supplemental declaration regarding the state court docket on August 30, 2016. (ECF No. 17.) In the supplemental declaration, Defendants state that on August 17, 2016, the Superior Court signed an order vacating its order appointing receiver. (*Id.* ¶ 4.) Because the case was removed to this Court upon the filing of the notice of removal on August 11, the Superior Court no longer had jurisdiction when it purported to vacate its appointment of a receiver, *see Hyde Park Partners* v. *Connolly,* 839 F.2d 837, 841 – 42 (1st Cir. 1988), and therefore the order remains in full force and effect, 28 U.S.C. § 1450.

series of allonges.[4]  The note is secured by a mortgage and security agreement pledging as collateral the borrowers' interest in certain real property located at 286 Water Street, Augusta, Maine, which mortgage and security interest Plaintiff now holds through a series of assignments. The original instruments were executed on December 1, 2005.  (Verified Complaint ¶¶ 7 – 12.)

On or about January 12, 2016, Plaintiff provided Defendants with a notice of default, acceleration and demand for payment.  (*Id.* ¶ 16.)  Plaintiff cites as the basis of the default Defendants' failure to tender payment of the outstanding obligation on or before December 11, 2015, the maturity date of the promissory note.  (*Id.* ¶ 9.)

Article III of the mortgage specifies Plaintiff's remedies in the event of default.  In addition to foreclosure, the remedies include acceleration, entry on the property, and collection of rents and profits.  Subsection 3.1(d) of the remedies provision also authorized the appointment of a receiver.

> Upon, or at any time prior or after, initiating the exercise of any power of sale, instituting any judicial foreclosure … or any other legal proceedings hereunder, ... [Mortgagee may] make application to a court of competent jurisdiction for appointment of a receiver for all or any part of the Property, as a matter of strict right and without notice to Mortgagor and without regard to the adequacy of the Property for the repayment of the indebtedness secured hereby ..., and Mortgagor does hereby irrevocably consent to such appointment, waives any and all notices of and defenses to such appointment and agrees not to oppose any application therefor by Mortgagee ....  Any such receiver shall have all of the usual powers and duties of receivers in similar cases, including, without limitation, the full power to hold, develop, rent, lease, manage, maintain, operate and otherwise use or permit the use of the Property upon such terms and conditions as said receiver may deem to be prudent and reasonable under the circumstances as more fully set forth in Section 3.3 below. Such receivership shall, at the option of Mortgagee, continue until full payment of all the indebtedness secured hereby or until title to the Property shall have passed by foreclosure sale under the Mortgage or deed in lieu of foreclosure.

(Mortgage ¶ 3.1(d).)

---

[4] The action also involves a second promissory note and mortgage related to a loan of $250,000.

In opposition to the motion for appointment of a receiver, Defendants filed an affidavit of Peter Hanson (ECF No. 1-8), Defendants' agent.[5] According to Mr. Hanson, Defendants obtained commitment for new lending and "will close" within 60 days of his August 8, 2016, affidavit. (Hanson Aff. ¶¶ 4 – 5.) Mr. Hanson suggests that appointment of a receiver could prevent Defendants from acquiring refinancing, (*Id.* ¶ 6), and that Plaintiff's interest in the property is adequately secured without a receiver because Plaintiff controls all rents and income generated by the property, and because the monthly rents exceed Defendants' monthly payment obligation by almost $100,000. (*Id.* ¶¶ 9 – 10.) Mr. Hanson further reports that Defendants have been paying the expenses associated with the property, have adequately maintained the property, have leased the property to capacity, and have provided to the proposed receiver all necessary record and access to the property. The proposed receiver is already serving as the property superintendent. (*Id.* ¶¶ 11 – 24.)

In September 2016, Mr. Hanson asserted that refinancing appears likely. (Second Hanson Aff. ¶¶ 5, 8.) Mr. Hanson states that the existing receivership order will potentially interfere with closing because it precludes Defendants from pledging the property as collateral through a mortgage or other security instrument. (*Id.* ¶ 8.)

In opposition to the motion for reconsideration, Plaintiff filed an affidavit of Jeremy Zinn (ECF No. 20-1), asset manager for CWCapital Asset Management, the special servicer for Plaintiff. Mr. Zinn states that Defendants requested funds from Plaintiff on June 27, 2016, for purposes of paying for repairs of the HVAC system at the property. (Zinn Aff. ¶ 3.) Mr. Zinn reports that Defendants incurred sizeable bills when the receiver assumed control of the property. (*Id.* ¶ 5, Exhibit B, ECF No. 20-3.) Mr. Zinn asserts that Plaintiff advanced funds to pay for HVAC

---

[5] Exhibit A to Mr. Hanson's affidavit indicates that he is Defendants' president, manager, or trustee.

repairs, has allocated funds from rents and profits for ongoing expenses and costs and fees related to the default, and has applied the remainder of the funds to the amount due under the note. (*Id.* ¶ 10.) Mr. Zinn also reports that prior to instituting this action, Defendants provided Plaintiff with "virtually no information" regarding a lease extension for the State of Maine or Defendants' attempts to refinance. (*Id.* ¶ 14.)

## Applicable Standard

The record reflects the Superior Court granted Plaintiff's motion for appointment based on a mistaken belief that the motion was unopposed. Indeed, the Superior Court attempted to vacate its order following receipt of Defendants' objection. When the Superior Court vacated the order, however, the matter had been removed to this Court and the Superior Court no longer had jurisdiction of the matter.[6] Under the circumstances, although the pending motion is Defendants' motion for reconsideration, in assessing the motion, the Court practically must determine whether the appointment of a receiver is warranted in this case.[7]

The appointment of a receiver is procedural in nature and, therefore, federal law applies. *See*, *e.g.*, *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.,* 153 F.3d 1289, 1291 – 92 (11th Cir. 1998); *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.,* 999 F.2d 314, 316 (8th Cir. 1993) ("The

---

[6] "Because [28 U.S.C. §] 1446(d) explicitly states that 'the State court shall proceed no further' once removal is effected ... the statute deprives the state court of further jurisdiction over the removed case and ... any post-removal actions taken by the state court in the removed case action are void ab initio." *Ackerman v. Exxon Mobil Corp.*, 734 F.3d 237, 249 (4th Cir. 2013); *see also Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 9 n.23 (1st Cir. 2004) (state court action following removal is a "nullity"). Pursuant to 28 U.S.C. § 1450, "[w]henever any action is removed from a State court to a district court of the United States, ... [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Section 1450 "preserves the status quo" pending further action by the federal district court. *Concordia Partners, LLC v. Pick*, 790 F.3d 277, 279 (1st Cir. 2015).

[7] Interlocutory orders remain open pending final judgment and the Court therefore has "wide discretion" to revisit prior interlocutory rulings. *Mumme v. U.S. Dep't of Labor*, 150 F. Supp. 2d 162, 165 (D. Me. 2001); *see also Geffon v. Micrion Corp.*, 249 F.3d 29, 38 (1st Cir. 2001); *Sanchez-Medina v. UNICCO Serv. Co.*, 265 F.R.D. 29, 32 (D.P.R. 2010).

5

appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles."); Fed. R. Civ. P. 66.[8]

This Court has inherent equitable power to appoint a receiver to manage or preserve property pending judgment. *United States v. Quintana-Aguayo*, 235 F.3d 682, 686 & n.8 (1st Cir. 2000). "[T]he decision to appoint a receiver … lies within the discretion of the court." *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326 (1st Cir. 1988). Some of the factors a court may consider include whether the defendant is alleged to have engaged in fraudulent conduct, whether the property is in imminent danger, whether the available legal remedies are adequate, whether the harm to the plaintiff caused by the denial of the appointment would exceed the harm to the defendant and others opposed to the appointment, whether the plaintiff is likely to succeed in the action, whether the plaintiff's interests in the property might be susceptible to irreparable injury, and whether the interests of the plaintiff and others sought to be protected will be well served by the receivership. *Id.* at 326 – 27.

## Discussion

Plaintiff maintains a receiver is warranted based on paragraph 3.1(d) of the mortgage, which authorizes the appointment of a receiver upon default. (Mem. of Law in Support of Motion to Appoint Receiver at 3 – 4, ECF No. 1-4; Response in Opposition to Motion for Reconsideration at 12 – 13, ECF No. 20.) Plaintiff also cites concerns related to ongoing repair and upkeep of the building and the potential for Defendants to incur liabilities that might compromise Plaintiff's

---

[8] In *Hanna v. Plumer,* 380 U.S. 460 (1965), the Supreme Court advised: "When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions." *Id.* at 471.

security. (*Id.* at 13 – 14.) Defendants oppose the appointment of a receiver primarily based on the cost of a receiver and because a receiver would undermine their efforts to secure new financing.

Not insignificantly, the loan documents authorize the appointment of a receiver in the event of default. In fact, the mortgagor agreed not to oppose the appointment. While not controlling, the Law Court's observation in *Fleet Bank of Maine v. Zimelman*, 575 A.2d 731 (Me. 1990) is instructive. In *Fleet*, the Court wrote: "The Bank contends that since defendants admit that a default has occurred, the plain meaning of the contract entitles the Bank to the appointment of a receiver regardless of the underlying cause of the default. We agree with the Bank." *Id*. at 733 – 34.

In addition to the terms of the contract, consideration of the other relevant factors militates in favor of the appointment. A review of the record suggests Plaintiff is likely to prevail in this action. Plaintiff's ability to recover the substantial amount owed, therefore, is of particular concern. Additionally, the risk of harm to the property is legitimate given Defendants' apparent financial challenges. In fact, Defendants evidently accrued more than $75,000 in unpaid property expenses in connection with the property. (Affidavit of Jeremy Zinn, Ex. B, ECF No. 20-3.) The appointment of a receiver would ensure that Defendants' financial concerns do not compromise the value of the property. Moreover, contrary to Defendants' argument, the Court is unconvinced that the appointment of a receiver would prevent or materially interfere with the acquisition of substitute financing. Consistent with a receiver's obligations to the Court, a receiver would be expected to assist both parties in maintaining the value of the property as an ongoing concern, and thus would not interfere with Defendants' attempt to obtain refinancing.[9] In short, the circumstances of this case warrant the appointment of a receiver.

---

[9] A receiver is an officer of the court and as such does not owe allegiance to either party, but rather acts as a fiduciary on behalf of both parties. *See Gaskill v. Gordon,* 27 F.3d 248, 251 (7th Cir. 1994).

## Conclusion

Based on the foregoing analysis, Defendants' motion for reconsideration of order appointing receiver is denied to the extent Defendants' request the Court vacate in its entirely the Superior Court order appointing a receiver. The Court, however, will convene a telephonic conference to discuss with the parties the terms of the appointment, and whether a modified order of appointment is appropriate.

## NOTICE

Any objections to this Memorandum of Decision shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of November, 2016.